FILED by INTAKE D.C.
OCT 26 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

06-80156 CASE NO. CR-HURLEY MAGISTRATE JUDGE VITUNAC

18 U.S.C. 1962(d)
18 U.S.C. 2320
18 U.S.C. 1955
18 U.S.C. 1084
18 U.S.C. 2
21 U.S.C. 846
21 U.S.C. 843(b)
21 U.S.C. 843(a)(3)

UNITED STATES OF AMERICA,

Plaintiff,

v.

THOMAS CAIAZZO,
BRENDA ACKERIDGE,
MIGUEL RODRIGUEZ, aka "Mike,"
BRANDON WEISMAN,
ADAM MAGID,
JACOB MOSS,
JEREMY VOTAW,
GARY FURIO,
STEVEN CHERASHORE,
DARRIN SPARDELLO, and
ANTONIO RIVERA, aka "Porto,"

Defendants.
________________________________/

# INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Medical Pain Management of Lake Worth was a business located at 7362 Lake Worth Road, Lake Worth, Florida.

2. Title 21, Code of Federal Regulations, Section 1306.04(a) states as follows:

> A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.

3. Oxycodone, trade names "roxicodone" and "percocet," is a Schedule II controlled substance; hydrocodone, trade name "vicodin," is a Schedule III controlled substance; and alprazolam, trade name "xanax," is a Schedule IV controlled substance.

4. The United States Patent and Trademark Office maintains trademarks on its principal register for Louis Vuitton, Rolex, Prada, Gucci, Chanel, Coach and Burberry.

## COUNT 1

1. The General Allegations of this Indictment, numbered one through four inclusive, are realledged and expressly incorporated herein as if set forth in full.

### THE ENTERPRISE

2. At all times relevant to this Indictment, the defendants,

THOMAS CAIAZZO,
BRENDA ACKERIDGE,
MIGUEL RODRIGUEZ, aka "Mike,"
BRANDON WEISMAN,
ADAM MAGID,
JACOB MOSS,
JEREMY VOTAW,
GARY FURIO,
STEVEN CHERASHORE,
DARRIN SPARDELLO, and
ANTONIO RIVERA, aka "Porto,"

and Medical Pain Management of Lake Worth, an alleged pain medication clinic located at 7362 Lake Worth Road, Lake Worth, Florida (hereinafter "pain medication clinic") and other persons known and unknown to the Grand Jury, constituted an "Enterprise," as that term is defined in Title 18, United States Code, Section 1961(4), that is, an association in fact, comprised of the aforesaid individuals and business, which Enterprise engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization, whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

THE CONSPIRACY

3. From in or about 2005 and continuing thereafter through the date of the return of this Indictment, in the Southern District of Florida and elsewhere, the defendants:

THOMAS CAIAZZO,
BRENDA ACKERIDGE,
MIGUEL RODRIGUEZ, aka "Mike,"
BRANDON WEISMAN,
ADAM MAGID,
JACOB MOSS,
JEREMY VOTAW,
GARY FURIO,
STEVEN CHERASHORE,
DARRIN SPARDELLO, and
ANTONIO RIVERA, aka "Porto,"

being persons employed by and associated with the Enterprise, which Enterprise engaged in, and the activities of which affected interstate and foreign commerce, did knowingly, willfully and unlawfully combine, conspire, confederate, and agree, together and with each other, and with persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section

1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise, through a pattern of racketeering activity as that term is defined in Title 18, United States Code, Sections 1961(1) and (5), as set forth herein below.

THE PATTERN OF RACKETEERING ACTIVITY

4. The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which the defendants and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the Enterprise consisted of multiple acts involving robbery, in violation of Sections 812.13 and 777.04 Florida Statutes, and multiple acts indictable under the following provisions:

A. Conspiracy to distribute and dispense controlled substances, to wit: oxycodone, hydrocodone and alprazolam, in violation of Title 21, United States Code, Section 846;

B. Conspiracy to possess with intent to distribute controlled substances, to wit: cocaine and marijuana, in violation of Title 21, United States Code, Section 846;

C. Possession with intent to distribute controlled substances, to wit: cocaine and marijuana, in violation of Title 21, United States Code, Section 841(a)(1);

D. Possession and causing the possession with intent to distribute controlled substances, to wit: oxycodone, hydrocodone and alprazolam, in violation of Title 21, United States Code, Sections 841(a)(1);

E. Conducting an illegal gambling business, in violation of Title 18, United States Code, Section 1955;

F. Transmission of wagering information, in violation of Title 18, United States Code, Section 1084;

G. Use of communication facilities in the commission, causing and facilitation of a narcotics violation, in violation of Title 21, United States Code, Section 843(b);

H. Trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320; and

I. Laundering of monetary instruments, and conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Section 1956.

PURPOSES OF THE ENTERPRISE

5. The purposes of the enterprise included, but were not limited to, enriching the members of the enterprise through:

a. the operation of an illegal gambling business;

b. the possession and distribution of narcotic drugs;

c. The establishment of an alleged pain medication clinic which facilitated the illegal distribution and dispensing of narcotic drugs;

d. the trafficking in counterfeit consumer goods which illegally bore the trademarks of well known fashion designers and manufacturers; and

e. the organization, planning, financing, directing, managing, conducting, and participation in the acquisition of money through the illegal means described above.

MANNER AND MEANS OF THE CONSPIRACY AND
ROLES AND RESPONSIBILITIES OF THE CONSPIRATORS

a. Defendant THOMAS CAIAZZO would supervise the various criminal activities of the enterprise members. Defendant CAIAZZO, personally and through nominees, would supervise the establishment, management and operation of an alleged pain medication clinic located at 7362 Lake Worth Road, Lake Worth, Florida, doing business as Medical Pain Management of Lake Worth. Defendant CAIAZZO and various co-conspirators would take all steps necessary to make it appear that the alleged pain medication clinic was a legitimate medical office. Defendant CAIAZZO and various co-conspirators would solicit individuals to pose as legitimate patients seeking medication for painful conditions in order to illegally obtain prescriptions for narcotic pills from physicians employed by the alleged pain medication clinic. Defendant CAIAZZO and other co-conspirators would conspire to solicit and employ physicians in the alleged pain medication clinic. Such physicians would prescribe large quantities of narcotic pills to individuals without requiring the showing of a legitimate medical purpose and outside the course of accepted medical practice. Such physicians would fail to conduct appropriate medical examinations, testing and/or prior medical record review. Defendant CAIAZZO would advise individuals posing as legitimate patients concerning the statements to be made to physicians employed at the alleged pain medication clinic in order to obtain prescriptions for the largest amount of narcotic pills. Defendant CAIAZZO would advise individuals posing as legitimate patients to falsely state that they had used all the narcotic pills prescribed to them and therefore request the issuance of a new prescription. Defendant CAIAZZO would refer individuals to specific pharmacies in order to facilitate the acquisition of narcotic pills without undue scrutiny.

Defendant CAIAZZO, and other co-conspirators, would arrange for individuals to undergo magnetic resonance imaging (MRI) as a ruse to justify obtaining prescriptions for large quantities of narcotic pills. Defendant CAIAZZO and other co-conspirators would require individuals posing as legitimate patients to make cash payments, rather than submit medical insurance claims, in order to obstruct potential scrutiny by governmental agencies, including the Drug Enforcement Administration and the Internal Revenue Service. Defendant CAIAZZO, through the operation of the pain medication clinic, would charge individuals posing as legitimate patients approximately $150 per visit. Defendant CAIAZZO and other co-conspirators would engage in the above-recited conduct in order to give the appearance that the alleged pain medication clinic and the physicians employed therein were engaged in accepted medical practice and were acting within the course of accepted medical practice. Defendant CAIAZZO and other co-conspirators would attend the individuals posing as legitimate patients at the alleged pain medication clinic and record their personal information involving height, weight and blood pressure. Such information and prior medical records would become part of the individuals' medical file and was intended to make it appear that the alleged pain medication clinic was a legitimate medical office. Defendant CAIAZZO would obtain large quantities of counterfeit consumer goods which illegally bore the trademarks of well known fashion designers and manufacturers and would illegally sell these items to members of the public and would illegally distribute such items to co-conspirators, for the purpose of their selling those items to others. Defendant CAIAZZO would arrange for the transportation of such items from outside the State of Florida into Palm Beach County. Defendant CAIAZZO would obtain narcotic drugs, including cocaine and marihuana, from various co-conspirators and distribute such narcotic drugs

for profit. Defendant CAIAZZO would himself, and with the assistance of co-conspirators, assault and rob individuals who failed to follow defendant CAIAZZO's instructions regarding the conduct of criminal activity. Defendant CAIAZZO would make false statements to law enforcement officers regarding the identity and criminal activities of the enterprise members. Defendant CAIAZZO supervised a large scale illegal gambling business which accepted wagers on various sporting events from numerous bettors in South Florida. Defendant CAIAZZO would refer bettors to an internet gambling website in order to illegally place wagers. Defendant CAIAZZO would request and obtain money from an individual whom he believed to be a gambler. In return for such money, defendant CAIAZZO would cause to be issued a corporate check falsely reflecting that an individual referred by the purported gambler was employed by defendant CAIAZZO.

b. Defendant BRENDA ACKERIDGE would illegally distribute large quantities of counterfeit consumer goods, including purses, watches and sunglasses. Defendant ACKERIDGE would store and maintain these items and distribute them to potential purchasers. Defendant ACKERIDGE would arrange "purse parties," during which large quantities of counterfeit goods would be displayed to numerous individuals at one location. Defendant ACKERIDGE would maintain and store quantities of narcotics, including cocaine and narcotic prescription pills, and would distribute these narcotics to co-conspirators and other persons. Defendant ACKERIDGE would attend to individuals posing as legitimate patients at the alleged pain medication clinic, and would record their personal information including height, weight and blood pressure. This information would become part of the individuals' medical records and was intended to make it appear that the alleged pain medication clinic was a legitimate medical office. Defendant

ACKERIDGE, acting in the capacity of a "look-out," would assist co-conspirators in assaulting and robbing an individual upon instructions from defendant CAIAZZO. Defendant ACKERIDGE would collect illegal gambling debts on behalf of defendant CAIAZZO.

c. Defendant MIGUEL RODRIGUEZ would solicit individuals to pose as legitimate patients seeking medication for painful conditions in order to illegally obtain prescriptions for narcotic pills. Defendant RODRIGUEZ would advise these individuals regarding the statements to be made to physicians at the alleged pain medication clinic in order to obtain prescriptions for the largest quantities of narcotic pills. Defendant RODRIGUEZ would assault and rob an individual upon instructions from, and with the assistance of, defendant CAIAZZO. Defendant RODRIGUEZ would engage in narcotics transactions with defendant CAIAZZO and other co-conspirators, including the purchase and/or supply of cocaine and other narcotic drugs.

d. ADAM MAGID and BRANDON WEISMAN would solicit individuals to pose as legitimate patients seeking medication for painful conditions in order to illegally obtain prescriptions for narcotic pills. Defendants MAGID and WEISMAN would advise such individuals concerning the statements to be made to the physicians at the pain medication clinic in order to obtain the largest quantities of narcotic pills. Defendants MAGID and WEISMAN would receive compensation from defendant CAIAZZO, in the form of referral fees, based upon the number of individuals sent by defendants MAGID and WEISMAN to the pain medication clinic. Defendant MAGID would engage in narcotics transactions with defendant CAIAZZO and other co-conspirators, including the purchase and/or supply of cocaine and other narcotic drugs.

e. Defendant JEREMY VOTAW would agree to be a nominee on documents on behalf of defendant CAIAZZO and other co-conspirators in connection with the establishment

and operation of the alleged pain medication clinic in order to conceal from governmental scrutiny defendant CAIAZZO's ownership interest and control of such clinic. Defendant VOTAW would supervise the activities of the alleged pain medication clinic in the absence of defendant CAIAZZO. Defendant VOTAW would engage in narcotics transactions with defendant CAIAZZO and other co-conspirators, including the purchase and/or sale of cocaine and other narcotic drugs. Defendant VOTAW would illegally obtain prescriptions for narcotic pills from physicians as arranged by defendant CAIAZZO. Defendant VOTAW would participate in the illegal distribution of counterfeit consumer goods by soliciting customers to purchase large quantities of such goods.

f. Defendant JACOB MOSS would engage in narcotic transactions with defendant CAIAZZO and other co-conspirators, including the purchase and/or sale of cocaine and other narcotic drugs.

g. Defendants GARY FURIO and STEVEN CHERASHORE would participate in a large-scale illegal gambling business with defendant CAIAZZO and other co-conspirators. Defendant FURIO would supervise the activities of defendant CAIAZZO in connection with the operation of the illegal gambling business. Defendant CHERASHORE would obtain monies from defendant CAIAZZO which were generated by the operation of the illegal gambling business and would deliver such monies to defendant FURIO. Defendants FURIO, CHERASHORE and CAIAZZO would telephonically communicate, during interstate telephone conversations, regarding the wagers placed by gamblers involved in the illegal gambling business.

h. Defendant DARRIN SPARDELLO would illegally distribute large quantities of counterfeit consumer goods, including purses, watches and sunglasses. Defendant SPARDELLO would solicit individuals to pose as legitimate patients seeking medication for painful conditions in order to illegally obtain prescription for narcotic pills. Defendant SPARDELLO would himself pose as a legitimate patient in order to illegally obtain prescription pills and thereafter illegally sell such pills to third parties.

I. Defendant ANTONIO RIVERA would engage in narcotics transactions with defendant CAIAZZO and other co-conspirators, including the purchase and/or sale of cocaine and other narcotic drugs. Defendant RIVERA would illegally distribute large quantities of counterfeit consumer goods, including purses, wallets and sunglasses. Defendant RIVERA would collect illegal gambling debts on behalf of defendant CAIAZZO.

All in violation of Title 18, United States Code, Section 1962(d).

**COUNT 2**

From in or about 2005, the exact date being unknown, through on or about the date of the return of this Indictment, in the Southern District of Florida and elsewhere, the defendants,

THOMAS CAIAZZO,
GARY FURIO, and
STEVEN CHERASHORE,

unlawfully, willfully and knowingly did conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, which involved five or more persons in its conduct, financing, management, supervision, direction and ownership and which gambling business remained in substantially continuous operation for a period in excess of thirty days and had a

gross revenue of two thousand dollars ($2,000.00) in any single day, in violation of the laws of the State of Florida, to wit: Sections 439.15 and 849.16 Florida Statutes.

All in violation of Title 18, United States Code, Sections 1955 and 2.

## COUNT 3

From in or about 2005, the exact date being unknown, through on or about September 1, 2006, in the Southern District of Florida and elsewhere, the defendants,

THOMAS CAIAZZO,
GARY FURIO, and
STEVEN CHERASHORE,

being engaged in the business of betting and wagering, did knowingly and unlawfully use a wire communication facility for the transmission in interstate and foreign commerce of bets, wagers, and information assisting in the placing of bets and wagers, on a sporting event or contest.

In violation of Title 18, United States Code, Section 1084.

## COUNT 4

From in or about 2005, the exact date being unknown, through on or about the date of the return of this Indictment, in the Southern District of Florida, the defendants,

THOMAS CAIAZZO,
BRENDA ACKERIDGE,
JEREMY VOTAW,
DARRIN SPARDELLO, and
ANTONIO RIVERA, aka "Porto,"

did knowingly and intentionally traffic and attempt to traffic in goods, to wit, counterfeit consumer goods illegally bearing the trademarks of well known fashion designers and manufacturers, and did knowingly use counterfeit marks on and in connection with such goods, that is, trademark goods of Louis Vuitton, Rolex, Prada, Gucci, Chanel, Coach and Burberry,

which counterfeit marks were identical with and substantially indistinguishable from genuine marks in use and registered for those goods on the principal register in the United States Patent and Trademark Office, and the use of which marks was likely to cause confusion, to cause mistake, and to deceive.

All in violation of Title 18, United States Code, Sections 2320 and 2.

**COUNT 5**

From in or about June 2006, the exact date being unknown, through in or about the date of the return of this Indictment, in the Southern District of Florida, the defendants,

THOMAS CAIAZZO,
BRENDA ACKERIDGE,
MIGUEL RODRIGUEZ, aka "Mike,"
BRANDON WEISMAN,
ADAM MAGID,
JEREMY VOTAW, and
DARRIN SPARDELLO,

knowingly and intentionally aided and abetted and caused individuals to acquire Schedule II, III and IV controlled substances, that is: oxycodone, trade names "roxicodone" and "percocet;" hydrocodone, trade name "vicodin;" and alprazolam, trade name "xanax;" by misrepresentation, fraud, deception and subterfuge, to wit, by soliciting individuals to pose as legitimate patients seeking medication for painful conditions in order to illegally acquire prescriptions for such controlled substances.

All in violation of Title 21, United States Code, Section 843(a)(3) and Title 18, United States Code, Section 2.

**COUNT 6**

From in or about June 2006, the exact date being unknown, through on or about September 1, 2006, in the Southern District of Florida and elsewhere, the defendants,

THOMAS CAIAZZO,
BRENDA ACKERIDGE,
MIGUEL RODRIGUEZ, aka "Mike,"
BRANDON WEISMAN,
ADAM MAGID,
JACOB MOSS,
JEREMY VOTAW,
DARRIN SPARDELLO, and
ANTONIO RIVERA, aka "Porto,"

knowingly and intentionally used a communication facility, that is a telephone, in committing, causing and facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) (Possession With Intent To Distribute Controlled Substances, that is, cocaine; marijuana; oxycodone, trade names "roxicodone" and "percocet;" hydrocodone, trade name, "vicodin;" and alprazolam, trade name "xanax;") and 846 (Possession With Intent To Distribute Controlled Substances and Conspiracy to Cause the Distribution and Dispensing of Controlled Substances, that is; cocaine; marijuana; oxycodone, trade names "roxicodone" and "percocet;" hydrocodone, trade name, "vicodin;" and alprazolam, trade name, "xanax").

All in violation of Title 21, United States Code, Section 843(b).

**COUNT 7**

From in or about June 2006, through on or about the date of the return of this Indictment, in the Southern District of Florida, the defendants,

THOMAS CAIAZZO,
BRENDA ACKERIDGE,
MIGUEL RODRIGUEZ, aka "Mike,"
BRANDON WEISMAN,
ADAM MAGID,

JEREMY VOTAW, and
DARRIN SPARDELLO,

knowingly and intentionally combined, conspired, confederated and agreed, together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to cause the distribution and dispensing of controlled substances that is; oxycodone, trade names "roxicodone" and "percocet;" a Schedule II controlled substance; hydrocodone, trade name "vicodin;" a schedule III controlled substance; and alprazolam, trade name "xanax," a Schedule IV controlled substance; in violation of Title 21, United States Code, Section 841 (a)(1).

All in violation of Title 21, United States Code, Section 846.

**COUNT 8**

From in or about 2005 and continuing thereafter through the date of the return of this Indictment, in the Southern District of Florida and elsewhere, the defendants:

THOMAS CAIAZZO,
BRENDA ACKERIDGE,
MIGUEL RODRIGUEZ, aka "Mike,"
BRANDON WEISMAN,
ADAM MAGID,
JACOB MOSS,
JEREMY VOTAW, and
ANTONIO RIVERA, aka "Porto,"

knowingly and intentionally combined, conspired, confederated and agreed, together and with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841 (a)(1)(c).

All in violation of Title 21, United States Code, Section 846.

## FORFEITURE

Pursuant to Rule 32.2(a), Federal Rules of Criminal Procedure, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963, and Title 21, United States Code, Section 853, in the event of any defendant's conviction(s) under Counts 1, 5, 6, 7 and 8 of this Indictment.

## RACKETEERING FORFEITURE

Pursuant to Title 18, United States Code, Section 1963(a), each defendant who is convicted of the offense set forth in Count 1 of this Indictment shall forfeit to the United States the following property:

(a) Any interest acquired or maintained pursuant to Section 1962;

(b) Any interest in, security of, claim against, or property or contractual rights of any kind affording a source of influence over, the enterprise described in Count 1 which was established, operated, controlled and conducted pursuant to Title 18, United States Code, Section 1962;

(c) Any property constituting or derived from proceeds obtained directly and indirectly from racketeering activity pursuant to Title 18, United States Code, Section 1962;

(d) The property subject to forfeiture shall include, but not be limited to, the following:

(i) MONEY JUDGMENT. A sum of money equal to $2,000,000 in United States currency, representing the amount of proceeds obtained as a result of the violation of Title 18, United States Code, Section 1962. If more than one defendant is convicted of Count 1, the defendants so convicted are jointly and severally liable for the amount subject to forfeiture under this paragraph.

All pursuant to Title 18, United States Code, Section 1963.

## DRUG CONSPIRACIES FORFEITURES

Pursuant to Title 21, United States Code, Section 853, each defendant who is convicted of the offense set forth in Counts 5, 6, 7 and 8 of this Indictment shall forfeit to the United States the following property:

(a) Any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the violations of Title 21, United States Code, Sections 843 and 846;

(b) Any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation of Title 21, United States Code, Sections 843 or 846;

All pursuant to Title 21, United States Code, Section 853.

## SUBSTITUTE PROPERTY

1. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants-

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21, United States Code, Section 853(p), and Rule 32.2 Fed. R. Crim. P. to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

A TRUE BILL

FOREPERSON

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA** | **CASE NO.** ____________________

**vs.**

**THOMAS CAIAZZO, *et al.*,**

**Defendants.**
______________________________/

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

____ Miami ____ Key West
____ FTL __X__ WPB ____ FTP

New Defendant(s) Yes ____ No ____
Number of New Defendants ____
Total number of counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) __No__
List language and/or dialect ____________

4. This case will take __21__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

| (Check only one) | | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | ____ | Petty | ____ |
| II | 6 to 10 days | ____ | Minor | ____ |
| III | 11 to 20 days | ____ | Misdem. | ____ |
| IV | 21 to 60 days | __X__ | Felony | __X__ |
| V | 61 days and over | ____ | | |

6. Has this case been previously filed in this District Court? (Yes or No) __No__
If yes:
Judge: ____________ Case No. ____________
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No) __Yes__
If yes:
Magistrate Case No. __06-8282-AEV__
Related Miscellaneous numbers: ____________
Defendant(s) in federal custody as of __9/29/06__
Defendant(s) in state custody as of ____________
Rule 20 from the ____________ District of ____________

Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ____ Yes __X__ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ____ Yes __X__ No
If yes, was it pending in the Central Region? ____ Yes ____ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes __X__ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003? ____ Yes __X__ No

[signature]
PAUL F. SCHWARTZ
Assistant U.S. Attorney
Court I.D. A5500086

*Penalty Sheet(s) attached

REV.1/14/04

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: THOMAS CAIAZZO

Count #: 1 18 U.S.C. 1962(d) RICO Conspiracy

*Max. Penalty: 20 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #: 2 18 U.S.C. 1955 Illegal Gambling

*Max. Penalty: 5 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #: 3 18 U.S.C. 1084 Use of Wire Communication Facility to Transmit in Interstate Commerce Bets or Wagers

*Max. Penalty: 2 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 4 18 U.S.C. 2320 Trafficking in Counterfeit Goods

*Max. Penalty: 10 years' imprisonment and up to a $2,000,000 fine; supervised release term of not more than three years

Count #: 5 21 U.S.C. 843(a)(3) Acquisition of Controlled Substances by Fraud

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: THOMAS CAIAZZO

Count #: 6 21 U.S.C. 843(b) Use of a Communication Facility in Committing Narcotics Violation

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 7 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Hydrocodone, Alprazolam and Oxycodone)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

Count #: 8 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute Narcotics (Cocaine)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: BRENDA ACKERIDGE

Count #: 1 18 U.S.C. 1962(d) RICO Conspiracy

*Max. Penalty: 20 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #:4 18 U.S.C. 2320 Trafficking in Counterfeit Goods

*Max. Penalty: 10 years' imprisonment and up to a $2,000,000 fine; supervised release term of not more than three years

Count #: 5 21 U.S.C. 843(a)(3) Acquisition of Controlled Substances by Fraud

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 6 21 U.S.C. 843(b) Use of a Communication Facility in Committing Narcotics Violation

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 7 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Hydrocodone, Alprazolam and Oxycodone)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: BRENDA ACKERIDGE

Count #: 8 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute Narcotics (Cocaine)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: MIGUEL RODRIGUEZ, aka "Mike"

Count #: 1 18 U.S.C. 1962(d) RICO Conspiracy

*Max. Penalty: 20 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #: 5 21 U.S.C. 843(a)(3) Acquisition of Controlled Substances by Fraud

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 6 21 U.S.C. 843(b) Use of a Communication Facility in Committing Narcotics Violation

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 7 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Hydrocodone, Alprazolam and Oxycodone)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

Count #: 8 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute Narcotics (Cocaine)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: BRANDON WEISMAN

Count #: 1 18 U.S.C. 1962(d) RICO Conspiracy

*Max. Penalty: 20 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #: 5 21 U.S.C. 843(a)(3) Acquisition of Controlled Substances by Fraud

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 6 21 U.S.C. 843(b) Use of a Communication Facility in Committing Narcotics Violation

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 7 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Hydrocodone, Alprazolam and Oxycodone)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

Count #: 8 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute Narcotics (Cocaine)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: ADAM MAGID

Count #: 1 18 U.S.C. 1962(d) RICO Conspiracy

*Max. Penalty: 20 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #: 5 21 U.S.C. 843(a)(3) Acquisition of Controlled Substances by Fraud

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 6 21 U.S.C. 843(b) Use of a Communication Facility in Committing Narcotics Violation

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 7 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Hydrocodone, Alprazolam and Oxycodone)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

Count #: 8 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute Narcotics (Cocaine)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: JACOB MOSS

Count #: 1 18 U.S.C. 1962(d) RICO Conspiracy

*Max. Penalty: 20 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

---

Count #: 6 21 U.S.C. 843(b) Use of a Communication Facility in Committing Narcotics Violation

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

---

Count #: 8 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute Narcotics (Cocaine)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

---

Count #:

*Max. Penalty:

---

Count #:

*Max. Penalty:

---

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: JEREMY VOTAW

Count #: 1 18 U.S.C. 1962(d) RICO Conspiracy

*Max. Penalty: 20 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #:4 18 U.S.C. 2320 Trafficking in Counterfeit Goods

*Max. Penalty: 10 years' imprisonment and up to a $2,000,000 fine; supervised release term of not more than three years

Count #: 5 21 U.S.C. 843(a)(3) Acquisition of Controlled Substances by Fraud

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 6 21 U.S.C. 843(b) Use of a Communication Facility in Committing Narcotics Violation

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 7 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Hydrocodone, Alprazolam and Oxycodone)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: JEREMY VOTAW

Count #: 8 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute Narcotics (Cocaine)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: GARY FURIO

Count #:1 18 U.S.C. 1962(d) RICO Conspiracy

*Max. Penalty: 20 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #: 2 18 U.S.C. 1955 Illegal Gambling

*Max. Penalty: 5 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #: 3 18 U.S.C. 1084 Use of Wire Communication Facility to Transmit in Interstate Commerce Bets or Wagers

*Max. Penalty: 2 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: STEVEN CHERASHORE

Count #:1 18 U.S.C. 1962(d) RICO Conspiracy

*Max. Penalty: 20 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #: 2 18 U.S.C. 1955 Illegal Gambling

*Max. Penalty: 5 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #: 3 18 U.S.C. 1084 Use of Wire Communication Facility to Transmit in Interstate Commerce Bets or Wagers

*Max. Penalty: 2 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: DARRIN SPARDELLO

Count #: 1 18 U.S.C. 1962(d) RICO Conspiracy

*Max. Penalty: 20 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #:4 18 U.S.C. 2320 Trafficking in Counterfeit Goods

*Max. Penalty: 10 years' imprisonment and up to a $2,000,000 fine; supervised release term of not more than three years

Count #: 5 21 U.S.C. 843(a)(3) Acquisition of Controlled Substances by Fraud

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 6 21 U.S.C. 843(b) Use of a Communication Facility in Committing Narcotics Violation

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 7 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Hydrocodone, Alprazolam and Oxycodone)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: ANTONIO RIVERA, aka "Porto"

Count #:1 18 U.S.C. 1962(d) RICO Conspiracy

*Max. Penalty: 20 years' imprisonment and up to a $250,000 fine; supervised release term of not more than three years

Count #: 4 18 U.S.C. 2320 Trafficking in Counterfeit Goods

*Max. Penalty: 10 years' imprisonment and up to a $2,000,000 fine; supervised release term of not more than three years

Count #: 6 21 U.S.C. 843(b) Use of a Communication Facility in Committing Narcotics Violation

*Max. Penalty: 4 years' imprisonment and up to a $250,000 fine; supervised release term of not more than one year

Count #: 8 21 U.S.C. 846 Conspiracy to Possess with Intent to Distribute Narcotics (Cocaine)

*Max. Penalty: 20 years' imprisonment and up to a $1,000,000 fine; supervised release term of not more than three years

Count #:

*Max. Penalty:

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

AUSAs Lawrence D. LaVecchio & Paul F. Schwartz FBI S/A Robert Erickson

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

BRANDON WEISMAN

## WARRANT FOR ARREST

CASE NUMBER: 06-80156 CR-HURLEY

MAGISTRATE JUDGE VITUNAC

**TO: The United States Marshal and any Authorized United States Officer**

FILED by ____ D.C.

OCT 26 2006

CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. OF FLA. FT. LAUD.

YOU ARE HEREBY COMMANDED to arrest BRANDON WEISMAN

Name

and bring him forthwith to the nearest magistrate to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of court ☐ Violation Notice ☐ Probation Violation Petition

charging him with (brief description of offense) RICO Conspiracy; Acquisition of Controlled Substances by Fraud; Use of a Communication Facility in Committing Narcotics Violation; Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Hydrocodone, Alprazolam and Oxycodone); Conspiracy to Possess with Intent to Distribute Narcotics (Cocaine)

in violation of Title 18 United States Code, Section(s) 1962(d) and Title 21 United States Code, Section(s) 843(a)(3);843(b);846

| | |
|---|---|
| CLARENCE MADDOX<br>Name of Issuing Officer | COURT ADMINISTRATOR\CLERK OF THE COURT<br>Title of Issuing Officer |
| [signature]<br>Signature of Issuing Officer | 09/26/2006 - Fort Lauderdale, Florida<br>Date and Location |

Bail fixed at $200,000 Corporate Surety Bond with Nebbia (Recommended) Requested

by [signature] LURANA S. SNOW UNITED STATES MAGISTRATE JUDGE

Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above defendant at | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**BOND RECOMMENDATION**

DEFENDANT: **BRANDON WEISMAN**

**$200,000 Corporate Surety Bond with Nebbia is recommended as to defendant**

By: ______________________

Paul F. Schwartz
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500086
500 East Broward Blvd., Ste 700
Ft. Lauderdale, FL 33394
(954) 356-7255 Ext 3577 Office
(954) 356-7230 Facsimile
Paul.Schwartz@usdoj.gov

Last Known Address: _____

______________________

What Facility: ______________________

Agent(s): **FBI S/A Robert Erickson** –
(FBI) (SECRET SERVICE) (DEA) (IRS) (CUSTOMS) (**OTHER**)

AUSAs Lawrence D. LaVecchio & Paul F. Schwartz FBI S/A Robert Erickson

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

ADAM MAGID

## WARRANT FOR ARREST

CASE NUMBER: 06-80156 CR-HURLEY

MAGISTRATE JUDGE VITUNAC

FILED by ____ D.C.

OCT 26 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

TO: **The United States Marshal and any Authorized United States Officer**

YOU ARE HEREBY COMMANDED to arrest ADAM MAGID
Name

and bring him forthwith to the nearest magistrate to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of court ☐ Violation Notice ☐ Probation Violation Petition

charging him with (brief description of offense) RICO Conspiracy; Acquisition of Controlled Substances by Fraud; Use of a Communication Facility in Committing Narcotics Violation; Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Hydrocodone, Alprazolam and Oxycodone); Conspiracy to Possess with Intent to Distribute Narcotics (Cocaine)

in violation of Title 18 United States Code, Section(s) 1962(d) and Title 21 United States Code, Section(s) 843(a)(3);843(b);846

CLARENCE MADDOX
Name of Issuing Officer

COURT ADMINISTRATOR\CLERK OF THE COURT
Title of Issuing Officer

[signature]
Signature of Issuing Officer

09/26/2006 - Fort Lauderdale, Florida
Date and Location

Bail fixed at $150,000 Corporate Surety Bond with Nebbia (Recommended) Requested

by [signature] LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above defendant at | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## BOND RECOMMENDATION

DEFENDANT: **ADAM MAGID**

**$150,000 Corporate Surety Bond with Nebbia is recommended as to defendant**

By: ______________________

Paul F. Schwartz
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500086
500 East Broward Blvd., Ste 700
Ft. Lauderdale, FL 33394
(954) 356-7255 Ext 3577 Office
(954) 356-7230 Facsimile
Paul.Schwartz@usdoj.gov

Last Known Address: _____

______________________

What Facility: ______________________

Agent(s): **FBI S/A Robert Erickson**
(FBI) (SECRET SERVICE) (DEA) (IRS) (CUSTOMS) (**OTHER**)

AUSAs Lawrence D. LaVecchio & Paul F. Schwartz FBI S/A Robert Erickson

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

JACOB MOSS

# WARRANT FOR ARREST

CASE NUMBER: 06-80156 CR-HURLEY

MAGISTRATE JUDGE VITUNAC

TO: **The United States Marshal and any Authorized United States Officer**

FILED by ___ D.C.

OCT 2 6 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA FT. LAUD

YOU ARE HEREBY COMMANDED to arrest JACOB MOSS
Name

and bring him forthwith to the nearest magistrate to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of court ☐ Violation Notice ☐ Probation Violation Petition

charging him with (brief description of offense) RICO Conspiracy; Use of a Communication Facility in Committing Narcotics Violation; Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Cocaine)

in violation of Title 18 United States Code, Section(s) 1962(d) and Title 21 United States Code, Section(s) 843(b);846

CLARENCE MADDOX
Name of Issuing Officer

COURT ADMINISTRATOR\CLERK OF THE COURT
Title of Issuing Officer

[signature]
Signature of Issuing Officer

09/26/2006 - Fort Lauderdale, Florida
Date and Location

Bail fixed at $150,000 Corporate Surety Bond with Nebbia (Recommended) Requested

by [signature] LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE
Name of Judicial Officer

## RETURN

This warrant was received and executed with the arrest of the above defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## BOND RECOMMENDATION

DEFENDANT: **JACOB MOSS**

**$150,000 Corporate Surety Bond with Nebbia is recommended as to defendant**

By: ______________________

Paul F. Schwartz
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500086
500 East Broward Blvd., Ste 700
Ft. Lauderdale, FL 33394
(954) 356-7255 Ext 3577 Office
(954) 356-7230 Facsimile
Paul.Schwartz@usdoj.gov

Last Known Address: _____

______________________

What Facility: ______________________

Agent(s): **FBI S/A Robert Erickson**
(FBI) (SECRET SERVICE) (DEA) (IRS) (CUSTOMS) (**OTHER**)

AUSAs Lawrence D. LaVecchio & Paul F. Schwartz FBI S/A Robert Erickson

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

FILED by D.C.
OCT 26 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA

V.

JEREMY VOTAW

## WARRANT FOR ARREST

CASE NUMBER: 06-80156 CR-HURLEY

MAGISTRATE JUDGE VITUNAC

TO: **The United States Marshal and any Authorized United States Officer**

YOU ARE HEREBY COMMANDED to arrest JEREMY VOTAW
Name

and bring him forthwith to the nearest magistrate to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of court ☐ Violation Notice ☐ Probation Violation Petition

charging him with (brief description of offense) RICO Conspiracy; Trafficking in Counterfeit Goods; Acquisition of Controlled Substances by Fraud; Use of a Communication Facility in Committing Narcotics Violation; Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Hydrocodone, Alprazolam and Oxycodone); Conspiracy to Possess with Intent to Distribute Narcotics (Cocaine)

in violation of Title 18 United States Code, Section(s) 1962(d);2320 and Title 21 United States Code, Section(s) 843(a)(3);843(b);846

CLARENCE MADDOX
Name of Issuing Officer

COURT ADMINISTRATOR\CLERK OF THE COURT
Title of Issuing Officer

[signature]
Signature of Issuing Officer

09/26/2006 - Fort Lauderdale, Florida
Date and Location

Bail fixed at ~~$150,000 Personal Surety Bond (Recommended)~~ Requested by [signature] LURANA S. SNOW UNITED STATES MAGISTRATE JUDGE
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above defendant at | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## BOND RECOMMENDATION

DEFENDANT: **JEREMY VOTAW**

**$150,000 Personal Surety Bond is recommended as to defendant**

By: ______________________________

Paul F. Schwartz
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500086
500 East Broward Blvd., Ste 700
Ft. Lauderdale, FL 33394
(954) 356-7255 Ext 3577 Office
(954) 356-7230 Facsimile
Paul.Schwartz@usdoj.gov

Last Known Address: _____

______________________

What Facility: ______________________

Agent(s): **FBI S/A Robert Erickson** –
(FBI) (SECRET SERVICE) (DEA) (IRS) (CUSTOMS) (**OTHER**)

AUSAs Lawrence D. LaVecchio & Paul F. Schwartz FBI S/A Robert Erickson

AO 442 (Rev. 12/85) Warrant for Arrest

# *United States District Court*

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

GARY FURIO

## WARRANT FOR ARREST

CASE NUMBER: 06-80156-CR-HURLEY

MAGISTRATE JUDGE VITUNAC

**TO: The United States Marshal and any Authorized United States Officer**

YOU ARE HEREBY COMMANDED to arrest GARY FURIO
Name

FILED by ______ D.C.
OCT 26 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

and bring him forthwith to the nearest magistrate to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of court ☐ Violation Notice ☐ Probation Violation Petition

charging him with (brief description of offense) RICO Conspiracy; Illegal Gambling; Use of Wire Communication Facility to Transmit in Interstate Commerce Bets or Wagers

in violation of Title 18 United States Code, Section(s) 1962(d);1955;1084

CLARENCE MADDOX
Name of Issuing Officer

COURT ADMINISTRATOR\CLERK OF THE COURT
Title of Issuing Officer

[signature]
Signature of Issuing Officer

09/26/2006 - Fort Lauderdale, Florida
Date and Location

Bail fixed at $100,000 Personal Surety Bond (Recommended) by [signature] LURANA S. SNOW, UNITED STATES MAGISTRATE JUDGE
Name of Judicial Officer

**RETURN**

This warrant was received and executed with the arrest of the above defendant at ______

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

AO 442 (Rev. 12/85) Warrant for Arrest

**THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:**

DEFENDANT'S NAME: GARY FURIO

ALIAS: ______

LAST KNOWN RESIDENCE: ______

LAST KNOWN EMPLOYMENT: ______

PLACE OF BIRTH: ______

DATE OF BIRTH: ______

SOCIAL SECURITY NUMBER: ______

HEIGHT: ______ WEIGHT: ______

SEX: ______ RACE: ______

HAIR: ______ EYES: ______

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS: ______

FBI NUMBER: ______

COMPLETE DESCRIPTION OF AUTO: ______

INVESTIGATIVE AGENCY AND ADDRESS: FEDERAL BUREAU OF INVESTIGATION, S/A Robert Erickson

(561) 833-7517, 505 South Flagler Drive, Suite 500, West Palm Beach, FL, 33401

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## BOND RECOMMENDATION

DEFENDANT: **GARY FURIO**

**$100,000 Personal Surety Bond is recommended as to defendant**

By: ______________________

Paul F. Schwartz
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500086
500 East Broward Blvd., Ste 700
Ft. Lauderdale, FL 33394
(954) 356-7255 Ext 3577 Office
(954) 356-7230 Facsimile
Paul.Schwartz@usdoj.gov

Last Known Address: _____

______________________

What Facility: ______________________

Agent(s): **FBI S/A Robert Erickson**
(FBI) (SECRET SERVICE) (DEA) (IRS) (CUSTOMS) (**OTHER**)

AUSAs Lawrence D. LaVecchio & Paul F. Schwartz FBI S/A Robert Erickson

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

STEVEN CHERASHORE

## WARRANT FOR ARREST

CASE NUMBER: 06-80156 CR-HURLEY

MAGISTRATE JUDGE VITUNAC

TO: **The United States Marshal and any Authorized United States Officer**

FILED by ____ D.C.

OCT 26 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

YOU ARE HEREBY COMMANDED to arrest STEVEN CHERASHORE

Name

and bring him forthwith to the nearest magistrate to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of court ☐ Violation Notice ☐ Probation Violation Petition

charging him with (brief description of offense) RICO Conspiracy; Illegal Gambling; Use of Wire Communication Facility to Transmit in Interstate Commerce Bets or Wagers

in violation of Title 18 United States Code, Section(s) 1962(d);1955;1084

CLARENCE MADDOX
Name of Issuing Officer

COURT ADMINISTRATOR\CLERK OF THE COURT
Title of Issuing Officer

[signature]
Signature of Issuing Officer

09/26/2006 - Fort Lauderdale, Florida
Date and Location

Bail fixed at ~~$100,000 Personal Surety Bond (Recommended)~~ Requested by [signature] LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE
Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above defendant at | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

AO 442 (Rev. 12/85) Warrant for Arrest

**THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:**

DEFENDANT'S NAME: STEVEN CHERASHORE

ALIAS:

LAST KNOWN RESIDENCE:

LAST KNOWN EMPLOYMENT:

PLACE OF BIRTH:

DATE OF BIRTH:

SOCIAL SECURITY NUMBER:

HEIGHT: WEIGHT:

SEX: RACE:

HAIR: EYES:

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS:

FBI NUMBER:

COMPLETE DESCRIPTION OF AUTO:

INVESTIGATIVE AGENCY AND ADDRESS: FEDERAL BUREAU OF INVESTIGATION, S/A Robert Erickson

(561) 833-7517, 505 South Flagler Drive, Suite 500, West Palm Beach, FL, 33401

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**BOND RECOMMENDATION**

DEFENDANT: **STEVEN CHERASHORE**

**$100,000 Personal Surety Bond is recommended as to defendant**

By: ______________________

Paul F. Schwartz
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500086
500 East Broward Blvd., Ste 700
Ft. Lauderdale, FL 33394
(954) 356-7255 Ext 3577 Office
(954) 356-7230 Facsimile
Paul.Schwartz@usdoj.gov

Last Known Address: _____

______________________

What Facility: ______________________

Agent(s): **FBI S/A Robert Erickson** –
(FBI) (SECRET SERVICE) (DEA) (IRS) (CUSTOMS) (**OTHER**)

AUSAs Lawrence D. Lavecchio & Paul F. Schwartz FBI S/A Robert Erickson

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

DARRIN SPARDELLO

## WARRANT FOR ARREST

CASE NUMBER: 06-80156 CR-HURLEY

MAGISTRATE JUDGE VITUNAC

TO: **The United States Marshal and any Authorized United States Officer**

YOU ARE HEREBY COMMANDED to arrest DARRIN SPARDELLO

Name

FILED by ______ D.C.

OCT 2 6 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

and bring him forthwith to the nearest magistrate to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of court ☐ Violation Notice ☐ Probation Violation Petition

charging him with (brief description of offense) RICO Conspiracy; Trafficking in Counterfeit Goods; Use of a Communication Facility in Committing Narcotics Violation; Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Cocaine)

in violation of Title 18 United States Code, Section(s) 1962(d);2320 and Title 21 United States Code, Section(s) 843(b);846

CLARENCE MADDOX

Name of Issuing Officer

COURT ADMINISTRATOR\CLERK OF THE COURT

Title of Issuing Officer

[signature]

Signature of Issuing Officer

09/26/2006 - Fort Lauderdale, Florida

Date and Location

Bail fixed at **$150,000 Corporate Surety Bond with Nebbia**
(Recommended) Requested

by [signature] LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Name of Judicial Officer

| **RETURN** | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above defendant at | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

AO 442 (Rev. 12/85) Warrant for Arrest

**THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:**

DEFENDANT'S NAME: DARRIN SPARDELLO

ALIAS:

LAST KNOWN RESIDENCE:

LAST KNOWN EMPLOYMENT:

PLACE OF BIRTH:

DATE OF BIRTH:

SOCIAL SECURITY NUMBER:

HEIGHT: WEIGHT:

SEX: RACE:

HAIR: EYES:

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS:

FBI NUMBER:

COMPLETE DESCRIPTION OF AUTO:

INVESTIGATIVE AGENCY AND ADDRESS: FEDERAL BUREAU OF INVESTIGATION, S/A Robert Erickson (561) 833-7517, 505 South Flagler Drive, Suite 500, West Palm Beach, FL, 33401

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## BOND RECOMMENDATION

DEFENDANT: **DARRIN SPARDELLO**

**$150,000 Corporate Surety Bond with Nebbia is recommended as to defendant**

By: ______________________

Paul F. Schwartz
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500086
500 East Broward Blvd., Ste 700
Ft. Lauderdale, FL 33394
(954) 356-7255 Ext 3577 Office
(954) 356-7230 Facsimile
Paul.Schwartz@usdoj.gov

Last Known Address: _____

______________________

What Facility: ______________________

Agent(s): **FBI S/A Robert Erickson**

(FBI) (SECRET SERVICE) (DEA) (IRS) (CUSTOMS) (**OTHER**)

AUSAs Lawrence D. LaVecchio & Paul F. Schwartz FBI S/A Robert Erickson

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

ANTONIO RIVERA, aka "Porto"

## WARRANT FOR ARREST

CASE NUMBER: 06-80156 CR-HURLEY

MAGISTRATE JUDGE VITUNAC

FILED by ____ D.C.

OCT 26 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

TO: **The United States Marshal and any Authorized United States Officer**

YOU ARE HEREBY COMMANDED to arrest ANTONIO RIVERA, aka "Porto"

Name

and bring him forthwith to the nearest magistrate to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of court ☐ Violation Notice ☐ Probation Violation Petition

charging him with (brief description of offense) RICO Conspiracy; Trafficking in Counterfeit Goods; Use of a Communication Facility in Committing Narcotics Violation; Conspiracy to Possess with Intent to Distribute and Dispense Narcotics (Cocaine)

in violation of Title 18 United States Code, Section(s) 1962(d);2320 and Title 21 United States Code, Section(s) 843(b);846

CLARENCE MADDOX
Name of Issuing Officer

COURT ADMINISTRATOR\CLERK OF THE COURT
Title of Issuing Officer

[signature]
Signature of Issuing Officer

09/26/2006 - Fort Lauderdale, Florida
Date and Location

Bail fixed at $150,000 Corporate Surety Bond with Nebbia (Recommended) Requested

by [signature] LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE
Name of Judicial Officer

## RETURN

This warrant was received and executed with the arrest of the above defendant at ____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

AO 442 (Rev. 12/85) Warrant for Arrest

**THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:**

DEFENDANT'S NAME: JOSE RIVERA, aka "Porto"

ALIAS: ______

LAST KNOWN RESIDENCE: ______

LAST KNOWN EMPLOYMENT: ______

PLACE OF BIRTH: ______

DATE OF BIRTH: ______

SOCIAL SECURITY NUMBER: ______

HEIGHT: ______ WEIGHT: ______

SEX: ______ RACE: ______

HAIR: ______ EYES: ______

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS: ______

FBI NUMBER: ______

COMPLETE DESCRIPTION OF AUTO: ______

INVESTIGATIVE AGENCY AND ADDRESS: FEDERAL BUREAU OF INVESTIGATION, S/A Robert Erickson (561) 833-7517, 505 South Flagler Drive, Suite 500, West Palm Beach, FL, 33401

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## BOND RECOMMENDATION

DEFENDANT: **ANTONIO RIVERA, aka "Porto"**

**$150,000 Corporate Surety Bond with Nebbia is recommended as to defendant**

By: ______________________

Paul F. Schwartz
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500086
500 East Broward Blvd., Ste 700
Ft. Lauderdale, FL 33394
(954) 356-7255 Ext 3577 Office
(954) 356-7230 Facsimile
Paul.Schwartz@usdoj.gov

Last Known Address: _____

______________________

What Facility: ______________________

______________________

Agent(s): **FBI S/A Robert Erickson**

(FBI) (SECRET SERVICE) (DEA) (IRS) (CUSTOMS) (**OTHER**)